# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Derrick Bryan Allen,

     Petitioner

v.

Jacqueline Bluth, *et al.*,

     Respondents

Case No.: 2:26-cv-00141-JAD-MDC

**Order Dismissing Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 without Prejudice and Closing Case**

[ECF No. 1-1]

Petitioner Derrick Bryan Allen, who is incarcerated at Southern Desert Correctional Center, has commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Having conducted the required initial review under the Habeas Rules,[2] I find that this action was improperly commenced, so I dismiss it without prejudice and close it.[3]

## Background

Allen was convicted on a guilty plea of first-degree murder in 2022 in Nevada's Eighth Judicial District Court (Clark County), and he was sentenced to 20 to 50 years in prison.  Allen appealed, but the Nevada Supreme Court dismissed his appeal because it was untimely filed.[4]  Allen has not pursued a state post-conviction petition through appeal in state court.[5]  Allen was

---

[1] ECF No. 1-1.

[2] All references to a "Habeas Rule" or "Habeas Rules" in this order are references to the Rules Governing Section 2254 Cases in the United States District Courts.

[3] This is at least the fourth time Allen has attempted to initiate a habeas corpus action in this Court.  I am aware of three previous cases: Case No. 2:22-cv-01465-GMN-EJY; Case No. 2:23-cv-00352-JAD-EJY; and Case No. 2:24-cv-00475-CDS-NJK.  I take judicial notice of the proceedings in those cases, all of which were dismissed without prejudice because Allen did not properly commence them.  His petition in this case repeats some of the same deficiencies as his petitions in those previous cases.

[4] *See* Case No. 2:22-cv-01465-GMN-EJY, ECF No. 13 at 2.

[5] *See* ECF No. 1-1; *see also* Case No. 2:22-cv-01465-GMN-EJY, ECF No. 13 at 2.

also convicted of traffic offenses in 2022, and—in his habeas petitions in both this case and previous cases—he refers to those traffic convictions as if they are the convictions he challenges.[6]

**Discussion**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[7]  This allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects.[8]  There are several reasons why I dismiss this action.

First, Allen has not paid the $5 filing fee for this action, and he has not filed an application to proceed *in forma pauperis*.

Second, Allen purports to bring this habeas petition under 28 U.S.C. § 2241, but he is in custody on a state-court conviction,[9] and he does not assert any allegations properly forming grounds for a petition under § 2241, as opposed to 28 U.S.C. § 2254.  It therefore appears that his petition must be pled under § 2254, so Allen used the wrong form to draft his petition.[10]

Third—perhaps in part because Allen used the wrong form to draft his petition—the petition does not include information this court needs to ultimately determine whether the

---

[6] *See* ECF No. 1-1 at 4–5; *see also* Case No. 2:23-cv-00352, ECF No. 3 at 1–2.

[7] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[8] *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[9] *See* ECF No. 1-1.

[10] This was also a defect of Allen's 2023 petition.  *See* Case No. 2:23-cv-00352, ECF No. 3 at 2.

petition warrants service on the respondents.  Most fundamentally, I cannot be certain what conviction Allen seeks to challenge. [11]

Fourth, Allen does not name a proper respondent.  Habeas Rule 2(a) directs that "the petitioner must name as respondent the state officer who has custody."  Allen names the state trial court and a state-court judge as respondents when the proper respondent would be the warden of Southern Desert Correctional Center. [12]

Fifth, Allen does not state a claim upon which habeas corpus relief could be granted.  As Allen has been instructed in the past, [13] the petitioner in a habeas case cannot rely upon conclusory allegations that are not supported by specific facts. [14]  Yet that is what he's done here yet again.

Sixth, it does not appear that Allen has properly exhausted in state court any claim challenging any of his convictions. [15]  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted in state court his available state remedies for all claims raised. [16]  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. [17]  A claim remains

---

[11] *See* ECF No. 1-1.

[12] *See id*.  This was a deficiency of Allen's 2022 and 2023 petitions as well.  *See* Case No. 2:22-cv-01465-GMN-EJY, ECF No. 13 at 3; Case No. 2:23-cv-00352, ECF No. 3 at 3.

[13] This was also identified as a deficiency of Allen's 2024 petition.  *See* Case No. 2:24-cv-00475-CDS-NJK, ECF No. 3 at 3.

[14] *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *James v. Borg*, 24 F.3d 20, 29 (9th Cir. 1994); *Allard v. Nelson*, 423 F.2d 1216, 1217 (9th Cir. 1970).

[15] *See* ECF No. 1-1.

[16] *See Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

[17] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

3

unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings.[18]

## Conclusion

Because these commencement defects dictate dismissal, IT IS ORDERED that Petitioner Derrick Bryan Allen's petition for writ of habeas corpus under 28 U.S.C. § 2241 [ECF No. 1-1] is **DISMISSED without prejudice** as improperly commenced.  Petitioner is denied a certificate of appealability because jurists of reason would not find dismissal to be debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **ADD** Nevada Attorney General Aaron D. Ford as counsel for respondents;

- Direct informal electronic service upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by **SENDING** a notice of electronic filing of the petition to respondents' counsel [ECF No. 1-1] along with a copy of this order. No response is required from respondents other than to respond to any orders of a reviewing court;

- **ENTER** FINAL JUDGMENT dismissing this action without prejudice; and

- **CLOSE** THIS CASE.

Dated:  January 27, 2026

_____
U.S. District Judge Jennifer A. Dorsey

---

[18] *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthy*, 653 F.2d 374, 376 (9th Cir. 1981).